UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form7instructions.pdf

**9th Cir. Case Number(s)** 22-56178

**Case Name** Athena Cosmetics, Inc. v. AMN Distrib., Inc.

**Counsel submitting this form** David Zarmi

**Represented party/parties** AMN Distribution, Inc.; Moishe Newman

*Briefly describe the dispute that gave rise to this lawsuit.*

In 2020, Defendants entered into a Settlement Agreement with Plaintiff to resolve claims relating to sale of Plaintiff's cosmetic products and alleged counterfeits of the same (trademark infringement). Defendants' obligations under the Settlement Agreement included: (1) the cessation of the purchase, offering for sale, use of any products with Plaintiff's marks; (2) the shipment to Plaintiff of Defendants' remaining such inventory; (3) Defendants' agreement not to challenge the validity or enforceability of Plaintiff's marks; and (4) the payment of $25,000 to Plaintiff "in full and complete settlement, compromise, release, satisfaction and discharge of all claims, damages and liabilities in favor of Plaintiff based on or arising out of all claims that are or that could have been asserted in the aforementioned Lawsuit." Additionally, AMN alone was required to provide "contact information of all suppliers to Defendants of infringing and counterfeit products."

Plaintiff asserted in the operative complaint that AMN breached the settlement agreement when it provided "inaccurate and incomplete contact information of all suppliers to Defendants of infringing and counterfeit products" and that both Defendants breached by continuing to offer for sale Plaintiff's products. Plaintiff brought suit on breach of contract as well as the underlying trademark infringement claim that was the subject of the settlement.

Defendants countered that the products were not actually offered for sale but were old Internet listings that that they did not control and that such breach if any was not material. AMN additionally countered that the contact information provided was substantially compliant and that any missing information was not material.

The district court bifurcated suit on the alleged breach (Phase I) and the underlying trademark and damages (Phase II). Plaintiff filed a motion for summary judgment.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7                                                              *Rev. 9/01/22*

*Briefly describe the result below and the main issues on appeal.*

The district court granted the MSJ on the grounds that Plaintiff had successfully produced sufficient circumstantial evidence that Defendants breached the agreement as alleged to shift the burden to Defendants and that they had not successfully countered that evidence. The court moved on to find trademark infringement by both Defendants and damages and attorney fees without further briefing from Defendants. After further briefing from all parties, the court calculated a further amount for attorney fees.

Appellate counsel is still identifying issues on appeal, but as of now:

(1) Insufficient evidence supported either breach of contract theory and specifically as to materiality and lack of substantial compliance.

(2) The court violated its own bifurcation order by moving on from breach of contract to trademark infringement and damages in the same MSJ order without further briefing from Defendants.

(3) Insufficient evidence supported Defendant Newman's personal liability for the breach or trademark infringement.

(4) The attorney fees improperly included significant amounts (over half of the amount) incurred by Plaintiff's fighting a default judgment that was obtained through fraud as well as a trial that was thrown out due to the misconduct of its own counsel who was held in contempt and escorted out of the courtroom.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

There is an outstanding motion for attorney fees incurred in preparing the original attorney fees motion as well as a request for entry of separate judgment for which the district court believes it no longer retains jurisdiction to grant.

**Signature** s/ David Zarmi  **Date** 1/20/23

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7** Rev. 9/01/22